IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON STALTER,

    Petitioner,

v.                                                                                  No. 23-cv-0062 KWR-SCY

VESTULA CURRY, *et al*,

    Respondents.

**ORDER DENYING COMPASSIONATE**
**RELEASE AND PERMITTING HABEAS AMENDMENT**

**THIS MATTER** is before the Court on Petitioner Jason Stalter's Motion for Compassionate Release (Doc. 1, supplemented by Docs. 3, 4) (Motion). Stalter is a state prisoner proceeding *pro se*. He seeks a sentence reduction under 18 U.S.C. § 3582. That statute permits the sentencing court to "reduce [a] term of imprisonment" of inmates in federal custody after the inmate has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Wesley,* 60 F.4th 1277 (10th Cir. 2023) (citing § 3582 and noting "the compassionate release statute … permits a sentencing court to reduce a federal prisoner's sentence"). Stalter is not a federal prisoner, and this Court did not impose his sentence. Stalter is serving a state sentence at the Penitentiary of New Mexico. *See* Doc. 1 at 6; https://search.cd.nm.gov/history_detail. Accordingly, the Court "does not have authority to order [his] compassionate release from state custody." *Franco-Monserrate v. United States*, 2022 WL 3139020, at *1 (D. Kan. Aug. 5, 2022) (collecting cases). The Court will dismiss the Motion without prejudice to invoking similar relief based on state law, and in state court.

The "proper vehicle for a challenge to the validity of a [state] conviction or sentence" in

Federal Court is a habeas "proceeding under [28 U.S.C.] § 2254." *Naves v. Bigelow,* 565 Fed. App'x 678, 679 n. 1 (10th Cir. 2014).   The Clerk's Office will mail Stalter a blank § 2254 petition. If Stalter seeks habeas relief, he must return the completed petition within thirty (30) days of entry of this Order.  By the same deadline, Stalter must either prepay the $5 habeas filing fee or, alternatively, supplement his existing motion to proceed *in forma pauperis* (Doc. 2) with an inmate account statement reflecting transactions for a six-month period.   *See* 28 U.S.C. § 1915(a)(2).   If Stalter does not wish to seek federal habeas relief at this time, he need not respond to this Order. The failure to timely file a completed § 2254 petition and a six-month inmate account statement will result in dismissal of this case without prejudice to filing a later habeas proceeding.

**IT IS ORDERED** that Jason Stalter's Motion for Compassionate Release (**Doc. 1, supplemented by Docs. 3, 4**) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Stalter may: (1) file a § 2254 petition; and (2) prepay the $5 habeas filing fee or, alternatively, supplement his existing motion to proceed *in forma pauperis* (Doc. 2) with an inmate account statement reflecting transactions for a six-month period

**IT IS FINALLY ORDERED** that the Clerk's Office **SHALL MAIL** Stalter a blank 28 U.S.C. § 2254 habeas petition.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**