IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON STALTER,

    Petitioner,

v.                                                   No. 1:23-cv-00062-KWR-SCY

VESTULA CURRY, *et al*,

    Respondents.

## ORDER OF DISMISSAL

**THIS MATTER** is before the Court following Petitioner Jason Stalter's failure to amend his post-conviction pleading. Stalter is a state inmate at the Penitentiary of New Mexico and is proceeding *pro se*. His opening pleadings seek a sentence reduction under 18 U.S.C. § 3582. That statute permits the sentencing court to "reduce [a] term of imprisonment" of inmates in federal custody after the inmate has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Wesley,* 60 F.4th 1277 (10th Cir. 2023) (citing § 3582 and noting "the compassionate release statute … permits a sentencing court to reduce a federal prisoner's sentence"). Statler is not a federal prisoner, and this Court did not impose his sentence. *See* Doc. 1 at 6; https://search.cd.nm.gov/history_detail. Accordingly, the Court "does not have authority to order [his] compassionate release from state custody." *Franco-Monserrate v. United States*, 2022 WL 3139020, at *1 (D. Kan. Aug. 5, 2022) (collecting cases).

    By an Order entered March 9, 2023, the Court explained these principles and dismissed the opening pleadings (Doc. 1, supplemented by Docs. 3, 4) without prejudice to seeking a sentence reduction in state court. *See* Doc. 6. The Court also granted leave to file a 28 U.S.C. § 2254

habeas petition in this case within thirty days of entry of the Order. Section 2254 is the "proper vehicle for a challenge to the validity of a [state] conviction or sentence" in Federal Court. *Naves v. Bigelow,* 565 Fed. App'x 678, 679 n. 1 (10th Cir. 2014). The Clerk's Office mailed Stalter a blank § 2254 petition, to assist with the amendment. Stalter was warned that the failure to timely comply would result in dismissal of this case without prejudice.

The deadline to file a § 2254 petition, if Stalter seeks such relief at this time, was April 8, 2023. Plaintiff did not return a completed petition or otherwise respond to the Order. Accordingly, the Court will dismiss this case without prejudice under Fed. R. Civ. P. 41 for failure to prosecute. *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing Rule 41). The Court will also deny as moot Stalter's pending motion to proceed *in forma pauperis* (Doc. 2). Stalter must file a separate case, if he seeks § 2254 relief at a later time.

**IT IS ORDERED** that this civil case is **DISMISSED WITHOUT PREJUDICE**; and Stalter's pending motion to proceed *in forma pauperis* (**Doc. 2**) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

---

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**